**Susan L. MILLER, Plaintiff–Appellant,**

v.

**COMMISSIONER OF the SOCIAL
SECURITY ADMINISTRATION,
Defendant–Appellee.**

**No. 07–15647
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 28, 2008.

N. Albert Bacharach, Jr., Law Offices
N. Albert Bacharach, Gainesville, FL, for
Plaintiff–Appellant.

Beverly E. Williams, Susan Kelm Story,
Richard V. Blake, John C. Stoner, Dennis
R. Williams, Mary Ann Sloan, Holly A.
Grimes, Office of General Counsel, SSA,
Atlanta, GA, for Defendant–Appellee.

Before ANDERSON, HULL and
PRYOR, Circuit Judges.

PER CURIAM:

Susan L. Miller appeals a decision that
affirmed the denial of her application for
supplemental security income from the So-
cial Security Administration. 42 U.S.C.
§ 1383(c)(3). Miller argues that the ad-
ministrative law judge failed to give ade-
quate and specific reasons for rejecting the
opinion of her treating physician, Dr. Mi-
guel Dejuk, and Dr. Dejuk's opinion that
Miller's mental impairments prevented her
from working should have been given con-
trolling weight. We affirm.

We review the decision by the Commis-
sioner "to determine if it is supported by
substantial evidence and based on proper
legal standards." *Lewis v. Callahan,* 125

F.3d 1436, 1439 (11th Cir.1997). Substan-
tial evidence consists of "such relevant evi-
dence as a reasonable person would accept
as adequate to support a conclusion." *Id.*
at 1440. We review *de novo* the legal
conclusions of the Commissioner. *Moore
v. Barnhart,* 405 F.3d 1208, 1211 (11th
Cir.2005). The claimant has the burden to
prove that she is disabled and entitled to
Social Security benefits. *See* 20 C.F.R.
§ 404.1512(a); *Doughty v. Apfel,* 245 F.3d
1274, 1278 (11th Cir.2001).

An administrative law judge must ex-
plain the weight he gives to different medi-
cal opinions. *Sharfarz v. Bowen,* 825 F.2d
278, 279 (11th Cir.1987). "[T]he testimony
of a treating physician must be given sub-
stantial or considerable weight unless
'good cause' is shown to the contrary."
*Crawford v. Commissioner,* 363 F.3d 1155,
1159 (11th Cir.2004) (quoting *Lewis,* 125
F.3d at 1440) (internal quotation marks
omitted). Good cause exists where the
treating physician's opinion is not bol-
stered by the evidence, the evidence sup-
ports a contrary finding, the physician's
opinion is conclusory, or the opinion is
inconsistent with the physician's own medi-
cal records. *Lewis,* 125 F.3d at 1440.

Substantial evidence supports the deci-
sion not to credit the opinion of Dr. Dejuk.
His opinion was not supported by objective
medical evidence. *See Crawford,* 363 F.3d
at 1159. Dr. Dejuk, who practiced internal
medicine, prepared a letter and residual
functional capacity assessment in which he
asserted that Miller could not work or
conduct daily living activities due to her
depression, bipolar disorder, schizo-affec-
tive personality, suicidal tendencies, and
medications. He did not test Miller or
consult with specialists to reach his conclu-
sions about Miller's mental health and his
treatment notes documented only Miller's
physical limitations.

Dr. Dejuk's conclusions were discredited by his own inconsistent statements, testimony from Miller, and the opinions provided by mental health specialists. One month before Dr. Dejuk prepared the letter and assessment, he had filed a form with the Florida Department of Health stating that Miller suffered from only anxiety and panic attacks, she was not suicidal, her medications controlled her mental conditions, and she performed routine household activities on a daily basis. Miller testified that she followed a daily schedule to prepare lunch for her husband and son, transport her children, and complete two hours of household chores. Mental health specialists concluded that Miller's condition imposed only mild to moderate limitations on her ability to work.

The administrative law judge had good cause to discount the opinion of Dr. Dejuk. The opinion of specialists and Miller's own statements about her physical and mental capabilities established that Miller had sufficient residual functional capacity to perform a range of light work. *See* 20 C.F.R. §§ 416.927(d)(2)(ii), (d)(5) (crediting the opinion of a specialist). The findings by the administrative law judge are supported by substantial evidence.

The denial of Miller's application for benefits is **AFFIRMED.**